**Electronically Filed
Intermediate Court of Appeals
CAAP-14-0000500
13-MAR-2019
07:55 AM**

NO. CAAP-14-0000500

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

SPAR MARKETING SERVICES, INC., Appellant-Appellant, v.
STATE OF HAWAIʻI, DEPARTMENT OF LABOR AND INDUSTRIAL
RELATIONS, EMPLOYMENT SECURITY APPEALS REFEREES' OFFICE,
and LORENE L. KANE, Appellees-Appellees

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 13-1-0121)

SUMMARY DISPOSITION ORDER
(By: Ginoza, C.J., and Fujise and Reifurth, JJ.)

In this secondary appeal, Appellant-Appellant Spar
Marketing Services, Inc. ("Spar"), appeals from the January 28,
2014 "Decision on Spar Marketing Services, Inc.'s Appeal from the
Decision of the Department of Labor and Industrial Relations,
Employment Security and Appeals Referee" ("January 28, 2014
Decision") and the related May 6, 2014 Final Judgment entered by
the Circuit Court of the Third Circuit[1] ("Circuit Court") in
favor of Appellee-Appellee State of Hawaiʻi, Department of Labor
and Industrial Relations, Employment Security and Appeals
Referee's Office ("DLIR"), regarding Appellee-Appellee Lorene L.
Kane's claim for unemployment benefits.[2]

On appeal, Spar contends that DLIR Decision: 1203565
and the January 28, 2014 Decision are (1) clearly erroneous in

_____

[1]     The Honorable Glenn S. Hara presided.

[2]     The underlying decision of the DLIR to which the January 28, 2014
Decision refers was issued on January 23, 2013 as Decision: 1203565 ("DLIR
Decision: 1203565").

view of substantial evidence in the record as a whole; (2) affected by errors of law; and (3) "arbitrary, capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion because they wholly ignore and fail to account for all of the reliable, probative and substantial record evidence . . . ."[3]

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised, as well as the relevant statutory and case law, we resolve Spar's points of error as follows and affirm.

Spar asserts that the Circuit Court clearly erred because its decision was "not based upon **any** reliable, probative and substantial evidence in the record, nor do they provide **any** rationale for ignoring all of the evidence supportive of independent contractor status." That argument is not reflective of the facts in the record.

Although Spar's agreement with Kane states that there is no employer/employee relationship, Kane was a self-employed contractor, Kane could work for other merchandising companies, and that Spar would not "restrict or supervise the timing, method, manner or means of [Kane's] performance and completion of any [p]roject", further evidence supports the DLIR's determination to the contrary. The DLIR was not clearly erroneous in determining that the evidence showed that Spar exercised general control over Kane's services. For instance, Spar decided Kane's compensation; and required Kane to conform to a specified standard of behavior while on the job, that Kane report the work performed on forms provided by Spar, wear a Spar merchandising badge while on the job, and sign in and out of a vendor log upon arrival and departure from a job site.

---

[3]    Although Spar asserts three separate points of error in its opening brief, it addresses all three points of error under the same argument, and asks this court to review that argument under different standards of review. The standard of review of a secondary appeal, however, is neither clear error nor abuse of discretion. Rather, the standard is whether the circuit court was right or wrong in its decision, applying the standards set forth in Hawaii Revised Statutes ("HRS") section 91-14(g) to the agency's decision. *Flores v. Bd. of Land & Nat. Res.*, 143 Hawaiʻi 114, 120, 424 P.3d 469, 475 (2018).

Furthermore, each month, Kane received a written plan of action from Spar, giving step-by-step instructions for each location that Kane would service. Kane also made monthly conference calls with other Spar merchandisers and Spar's district manager, and upon completing an assignment was expected to report back to Spar via a website where she could post pictures to verify her work.

The January 28, 2014 Decision affirmed DLIR Decision: 1203565, and held that:

> there are some factors in considering whether that relationship was under Chapter 383, one of employment, or exempt as . . . an independent contractor as provided in HRS section 383-6 that would favor Spar Marketing's contention. However, it appears that the [r]eferee resolved disputed issues of fact in favor of Kane being an employee[,] and the record supports [that] conclusion on review. Despite some evidence supporting Spar Marketing's position, there is substantial evidence to support the referee's decision and[,] further[,] that the decision was not clearly erroneous.

Our recent decision in *Spar Marketing Servs., Inc. v. State of Hawai'i*, No. CAAP-13-0001140, 2019 WL 912096 (Haw. Ct. App. Feb. 22, 2019) (resolving the same legal issue as addressed in this case with regard to a different claimant, but with similar facts) guides our decision here.[4/] The Circuit Court did not err when it affirmed the DLIR's decision that Kane's services constituted covered employment under HRS chapter 383 relating to unemployment benefits, that there was substantial evidence to support the DLIR's decision, and that it was not clearly

---

[4/] Other jurisdictions have also determined that Spar exerts control, or has the right to control its merchandisers:

*Spar Marketing Serv., Inc. v. Unemployment Ins. Appeal Bd.*, CA. No. K11A-03-003 WLW, 2012 WL 1414097, *3 (Del. Super. Ct. Feb. 28, 2012) (determining that the Board finding several provisions, like a professionalism requirement, a requirement to maintain worker's compensation and general liability insurance, and certain invoicing procedures, to be indicative of control, and thus substantial evidence that Spar exercised control over merchandiser); *Spar Marketing Serv., Inc. v. Emp't Dep't*, 222 P.3d 1140 (Or. Ct. App. 2009) (affirming without opinion the decision of the administrative law judge that Spar failed to meet its burden to prove that merchandisers were not employees); *contra Spar Marketing Serv. Inc., v. N.J. Dep't of Labor and Workforce Dev.*, 2013 WL 890071, *3 (N.J. Super. Ct. App. Div. Mar. 12, 2013) (determining that the first two of three prongs of the statutory test were satisfied by Spar, but ultimately concluding that Spar failed to prove that merchandisers were customarily engaged in an independently established trade, occupation, profession or business, and affirming the agency's determination that merchandisers that worked for Spar were employees).

erroneous.[5/] *See* Haw. Rev. Stat. § 383-6 (1993).

The Circuit Court applied the correct standard and came to the correct conclusion under the circumstances of this case. Therefore, the January 28, 2014 Decision and the May 6, 2014 Final Judgment entered by the Circuit Court of the First Circuit are affirmed.

DATED:  Honolulu, Hawai'i, March 13, 2019.

On the briefs:

John S. Mackey
(Torkildson, Katz, Moore,
Hetherington & Harris)
and
Thomas J. Vollbrecht,
pro hac vice
(Fabyanske, Westra, Hart &
Thomson, P.A.)
for Appellant-Appellant.

Frances E.H. Lum and
Li-Ann Yamashiro,
Deputy Attorneys General,
State of Hawai'i
for Appellee-Appellee
State of Hawai'i, Department
of Labor and Industrial
Relations, Employment Security
and Appeals Referees' Office

Chief Judge

Associate Judge

Associate Judge

---

[5/]     Consequently, we need not address the second or third exemption requirements under HRS section 383-6.